**Harold Gamel BAKER, Plaintiff,**

**v.**

**NEW YORK CITY, in its official capacity, New York City Police Department, in its official capacity, and Plainclothes Officer John Doe, in his official and individual capacities, Defendants.**

**94–CV–1146 (JG).**

United States District Court,
E.D. New York.

Sept. 3, 1996.

Harold Gamel Baker, Indiantown, FL, Pro Se.

Paul A. Crotty, Corporation Counsel of the City of New York by Louise Lippin, Assistant Corporation Counsel, New York City, for defendants.

*MEMORANDUM AND ORDER*

GLEESON, District Judge:

Harold Baker commenced this action on March 3, 1994. He claims that an off-duty plainclothes New York City police officer negligently shot him on the evening of October 19, 1988. Baker further alleges that the defendants' acts and omissions resulting from this incident deprived him of his rights, in violation of the Eighth and Fourteenth

Amendments to the U.S. Constitution and 42 U.S.C. § 1983. The City of New York and the New York City Police Department have moved for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the ground that plaintiff's claim is time-barred by the statute of limitations. Even after a second service of the Notice of Motion and a lengthy adjournment to provide plaintiff time to respond, plaintiff has failed to file an answer to this motion.

## BACKGROUND

According to Baker, at 8:00 p.m. on October 19, 1988, he was walking along Flatbush Avenue in Brooklyn, New York. Hearing a noise behind him, Baker turned to see a man with a drawn gun running in his direction. Baker pulled his own gun from his pants and pointed it at this man to frighten him away. The man then turned and began running across the street toward Martence Avenue.

Baker says that he next placed his gun back inside his pants and prepared to run in the direction opposite from where the man had come. At the instant he began to run, Baker felt an impact in his back and heard a woman scream, "I'm shot." Baker then realized that he too had been shot. Apparently, a bullet had entered his back, exited above the left side of his heart, and entered the hand of the woman who had shouted. The impact caused Baker to fall on the ground.

Baker looked up from where he had fallen to see a man in plain clothes squatting above him and asking him questions. Baker asked this man who had shot him, and the man responded that he had shot Baker. Baker then inquired of the man's identity. The man stated that he was an off-duty New York City police officer.

Baker claims that before this off-duty police officer ("John Doe") shot him, Officer John Doe did not issue a verbal command to stop, identify himself as a police officer, or fire a warning shot. Furthermore, Baker alleges that nothing justified Officer John Doe's actions. Baker asserts that New York City and the New York City Police Department failed to manage Officer John Doe properly, resulting in Baker's being shot and permanently injured. On March 3, 1994,

Baker initiated this action pursuant to 42 U.S.C. § 1983, seeking redress for deprivation of his rights guaranteed by the Eighth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. On May 25, 1995, the City of New York and the New York City Police Department filed this Rule 12(c) motion for judgment on the pleadings, claiming that Baker filed his complaint almost three years after the statute of limitations had expired.

## DISCUSSION

A Rule 12(c) motion for judgment on the pleadings may be made any time after the pleadings are closed, upon the filing of a complaint and answer. 5A Charles A. Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1367 (1969–1990). The Rule 12(c) motion is appropriate in cases where the statute of limitations provides an effective bar against the plaintiff's claim, and the Court may dispose of the entire controversy by a pretrial summary motion. *Id.*

■ In this case, the complaint and answer have been filed, and this Court can dispose of the entire action based on the statute of limitations. For § 1983 claims, the Supreme Court has ruled that the applicable statute of limitations comes from the most appropriate or the most analogous cause of action's limitations period in the forum state. *Wilson v. Garcia*, 471 U.S. 261, 268, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). By adopting the statute governing an analogous cause of action under state law, federal law incorporates the state's judgment on the proper balance between the policies of repose and the substantive policies of enforcement embraced by the state cause of action. *Id.* at 271, 105 S.Ct. at 1944. In addition, this practice promotes uniformity and certainty, thereby minimizing unnecessary litigation. *Id.* at 275, 105 S.Ct. at 1946.

■ The *Wilson* Court held that § 1983 claims are best characterized as personal injury actions for purposes of the statute of limitations. *Id.* at 280, 105 S.Ct. at 1949. The Court refined this holding four years later, in *Owens v. Okure*, 488 U.S. 235, 109

S.Ct. 573, 102 L.Ed.2d 594 (1989), where the forum state was New York. Courts considering § 1983 claims in states like New York, which have multiple statutes of limitations for personal injury actions, had come to different conclusions over which statute to apply. *Id.* at 241, 109 S.Ct. at 577. In order to establish uniformity among the 50 states, therefore, the Court held that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions. *Id.* at 250, 109 S.Ct. at 582.

The Court then applied that holding to the specific case at issue in *Owens,* and concluded that New York's three-year statute of limitations governing general personal injury actions applied to § 1983 claims in that state. The three-year period derives from New York Civil Practice Law § 214(5) (McKinney's Supp.1988), which is New York's general personal injury statute. *See also Zuccaro v. New York City Dep't of Transportation,* 1995 WL 264120 (E.D.N.Y.1995) (citing *Owens v. Okure* in stating that New York State's statute of limitations for § 1983 actions is three years); *Malley v. Fernandez,* 1992 WL 204359 (S.D.N.Y.1992) (citing *Owens v. Okure* in using the three-year period established in N.Y.Civ.Prac.Law § 214(5) as the appropriate limitations period for § 1983 actions).

■■■ There is, therefore, a three-year statute of limitations applicable to this § 1983 action. This three-year period begins to run when the plaintiff knows or has reason to know of the injury which formed the basis of his action. *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980), *cert denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). In this case, Baker states that he knew of his injury as soon as it occurred, on the evening of October 19, 1988. Baker had three years from that date to file his complaint, and the statute of limitations for his § 1983 claim expired on October 19, 1991. Baker commenced this action on March 3, 1994, almost three years after the statute of limitations had expired. His § 1983 claim is therefore time-barred.

*CONCLUSION*

Because the statute of limitations bars plaintiff's § 1983 claim, defendants' Rule 12(c) motion to dismiss the complaint is granted.

So Ordered.